JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-03125-RGK-JPR | Date | June 04, 2018 |
|---|---|---|---|
| Title | *Edward A. Colley et al. v. Deborah Lee James et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Court Trial on the Briefs and Judgment

## I.  INTRODUCTION

The present action arises out of the decertification of *pro se* Plaintiffs Edward Colley and Frederick Malcomb, Jr. (collectively, "Plaintiffs") as instructors for the Air Force Junior Reserve Officers' Training Corps ("AFJROTC"). Defendants are the United States, the United States Air Force ("Air Force"), Heather Wilson in her official capacity as the Secretary of the Air Force,[1] Brigadier General Billy Thompson in his official capacity as Commander of the Maxwell Air Force Base,[2] Colonel Edward "Scott" Brewer in his official capacity as Vice Commander of the Maxwell Air Force Base,[3] and Colonel Bobby C. Woods, Jr. in his official capacity as Director of the AFJROTC program (collectively, "Defendants"). Plaintiffs' Third Amended Complaint ("TAC"), which became operative on January 1, 2018,[4] asserts two claims: (1) violation of the Administrative Procedure Act ("APA") and (2) violation of the Privacy Act.

The matter came on for court trial on the briefs on June 4, 2018. After full review and consideration of Plaintiffs' opening brief, Defendants' opposition, and Plaintiffs' reply,[5] the Court upholds the AFJROTC decertification decisions.

---

[1] Heather Wilson took over as Air Force Secretary for the original named Defendant, Deborah Lee James.
[2] Brigadier General Billy Thompson took over as Commander for the original Defendant Paul H. Guemmer.
[3] Colonel Edward Brewer took over as Vice Commander for original Defendant Patricia D. Hoffman.
[4] The TAC automatically became operative two weeks after the Court granted a motion to dismiss the SAC with leave to amend, per this Court's order. (*See* Order Re: Mot. to Dismiss SAC, ECF No. 95; Proposed TAC, ECF No. 89 at 25–95.)
[5] Defendants also filed opening and reply briefs, and Plaintiffs filed an opposition brief. The Court already struck Plaintiffs' opposition brief as improper and likewise strikes Defendants' opening and reply briefs as duplicative and not in accordance with the Court's briefing order. (*See* Scheduling Conference, ECF No. 93.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03125-RGK-JPR | Date | June 04, 2018 |
|---|---|---|---|
| Title | *Edward A. Colley et al. v. Deborah Lee James et al.* | | |

## II.   FACTUAL BACKGROUND

The Court makes the following factual findings based on its review of the Certified Administrative Record ("CAR").[6]

Plaintiffs are retired Air Force officers who were certified AFJROTC instructors. Their certifications enabled them to serve as instructors in William S. Hart Union High School District in Santa Clarita, California. Defendant Colonel Bobby C. Woods, Jr. ("Woods") is the AFJROTC Director at its headquarters in Holm Center. Patricia Hoffman ("Hoffman") was the Vice Commander at Holm Center during the relevant period; Defendant Colonel Edward "Scott" Brewer ("Brewer") is currently Vice Commander.

AFJROTC requires its instructors to provide an annual accounting of their unit's information technology ("IT") equipment, called Automated Data Processing Equipment("ADPE"). The Air Force has an ADPE "suspense," or deadline. AFJROTC Instruction 36-2001 provides that the ADPE must be completed between January 2 and April 30 each year, whether or not there were any equipment custodian changes. (CAR 284.) In March 2014, AFJROTC headquarters ("Holm Center") sent an email to all units that set a specific ADPE suspense of April 10, 2014, in accordance with AFJROTC Instruction 36-2001. (CAR 4, 19.) The email explained that four documents – an Information Technology Equipment Custodian ("ITEC") letter, primary ITEC training certificate, alternate ITEC training certificate, and IT inventory – were required for an account to be compliant, and it provided instructions for submission. Holm Center sent follow-up emails on April 7 and 11, 2014. (CAR 4, 151, 153.) The April 11 email warned the recipients that non-compliance would result in probation and, after April 30, consideration for decertification. (CAR 153.) Plaintiffs missed the ADPE suspense and were placed on probation. (CAR 155–56.) Plaintiffs filed the required ITEC letter and certificates on April 22, 2014 and the required IT inventory on April 29, 2014. Plaintiffs were taken off probation once they brought their ADPE account into compliance.

Holm Center also set an April 10 suspense deadline in 2015. Plaintiffs were informed of the April 10 deadline by emails from Holm Center on March 14, 2015 and April 6, 2015. (CAR 4, 160, 162.) On April 17, 2015, Plaintiffs were informed that they missed the ADPE suspense, and they were warned that continued non-compliance would result in probation and, after April 24, consideration for decertification. (CAR 165.) Holm Center sent another reminder email on April 24, 2015. (CAR 168.) The April 24 email directed Plaintiffs to call their Regional Director, but they never spoke. (CAR 495.)

---

[6] In the docket, the CAR is divided into ten files in sequential order by page number. (*See* CAR, ECF Nos. 44-1–44-10.) For readability, the Court will not cite electronic-case-filing numbers in CAR citations below.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03125-RGK-JPR | Date | June 04, 2018 |
|---|---|---|---|
| Title | *Edward A. Colley et al. v. Deborah Lee James et al.* | | |

Plaintiffs submitted their ITEC letters and IT inventories on April 28, 2015, and submitted their ITEC training certificates on May 7, 2015. (CAR 26, 497.) The record does not indicate that Plaintiffs were ever placed on probation in 2015.

The Chief of Instructor Management recommended Plaintiffs' decertification to Woods on May 15, 2015. (CAR 494.) On May 18, 2015, Woods issued a decertification decision for unsatisfactory performance under AFJROTC Instruction 36-2002, Paragraph 3.1.2.2.5. In relevant part, the cited instruction provides as follows:

> [D]ecertification may be a result of: . . . [a]n incident of willful misconduct. . . . An instructor whose performance (including conduct and maintenance of appropriate Holm Center and military standards) does not warrant a probationary period may be immediately considered for decertification. . . . Examples of performance of an instructor not on probational certification that may result in decertification include, but are not limited to, the following: . . . Determination by Holm Center/JR that an instructor's performance or conduct does not meet the duties, responsibilities or conduct of an [instructor] as outlined in Chapter 1, and probational certification is not in the best interest of the AFJROTC program.

(CAR 336.) Woods based his decertification decision on Plaintiffs' failures to comply with the ADPE suspense in 2014 and 2015, stating that their "inability to comply with AFJROTC requirements even after direct Headquarters involvement and reminders more than warrant decertification and are clear indicators of unsatisfactory performance." (CAR 95, 97.) Woods noted that in 2015, Plaintiffs received "personal direction and phone calls from [their] Regional Director." (CAR 95, 97.)

Plaintiffs appealed their decertifications. Hoffman denied their appeals on June 30, 2015. She found that (1) Plaintiffs were required to comply with AFJROTC unit regulations, even if they were more restrictive than general Air Force regulations; (2) AFJROTC Instruction 36-2001 requires instructors to file ADPE suspenses sometime between January 1 and April 30 each year; (3) Holm Center set a specific suspense deadline within the January–April 30 time period that Plaintiffs missed two years in a row. (CAR 143.)

Hoffman rejected Plaintiffs' argument that decertification was a disproportionate penalty, finding that other instructors who missed consecutive ADPE suspenses were likewise decertified and that Plaintiffs were notified that non-compliance could result in decertification by email on April 11, 2014 and April 17, 2015. (CAR 144.) Finally, Hoffman rejected Plaintiffs' argument that decertification was not in the Air Force's best interest, reasoning that the oversight required to monitor instructors who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03125-RGK-JPR | Date | June 04, 2018 |
|---|---|---|---|
| Title | *Edward A. Colley et al. v. Deborah Lee James et al.* | | |

could not independently meet the ADPE suspense is not the best use of AFJROTC headquarters' limited resources. (CAR 144.)

III. **DISCUSSION**

    A. **Administrative Procedures Act**

The APA requires a reviewing court to set aside a final agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The reviewing court "must consider whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989) (internal quotation marks omitted). In general, an agency action is arbitrary and capricious if:

> The agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicles Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The court "must uphold agency decisions so long as the agencies have 'considered the relevant factors and articulated a rational connection between the factors found and the choices made.'" *Selkirk Conservation Alliance v. Forsgren*, 336 F.3d 944, 953–54 (9th Cir.2003) (quoting *Washington Crab Prods., Inc. v. Mosbacher*, 924 F.2d 1438, 1441 (9th Cir. 1990)).

        1.     *Substantial Evidence Supported the Decertification Decisions*

Paragraph 3.1.2 of AFJROTC Instruction 36-2002 provides that "decertification may be a result of: . . . [a]n incident of willful misconduct." It explains that under certain circumstances, Holm Center may determine that an instructor should be decertified without first being placed on probation. The decertification decisions at issue cited Paragraph 3.1.2.2.5, which provides one example of a circumstance warranting decertification without probation: if the instructor's performance "does not meet the duties, responsibilities, or conduct of an [instructor] . . . and probational certification is not in the best interest of the AFJROTC program." (CAR 336.) The duties and responsibilities of an instructor include those prescribed by the AFJROTC and Holm Center. (CAR 323–24.) Hoffman found each of the requirements of Paragraph 3.1.2.2.5 were met, and her decision is supported by substantial evidence.

Plaintiffs were decertified because they missed the Holm Center's internal ADPE suspense two years in a row. The evidence shows Plaintiffs did not meet their ADPE suspenses until April 29 in 2014

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-03125-RGK-JPR | Date | June 04, 2018 |
|---|---|---|---|
| Title | *Edward A. Colley et al. v. Deborah Lee James et al.* | | |

and May 7 in 2015 despite receiving email reminders and instructions. By failing to meet their ADPE suspense by April 10 as prescribed by Holm Center, Plaintiffs did not meet the duties and responsibilities of an instructor.

Hoffman further noted that Plaintiffs were made aware of the April 10 suspense and the possibility of decertification by a series of emails. (CAR 172.) As found by Hoffman, the record shows Plaintiffs received two emails in April 2014 and four emails in March and April 2015 regarding the ADPE suspense. Plaintiffs' failure to act despite their awareness of the suspense supports a finding of willfulness, which, although not defined in the AFJROTC instructions, generally includes an intentional act taken in disregard of a known duty. *Cf. Rost v. United States*, 803 F.2d 448, 451 (9th Cir. 1986); *Potato Sales Co., Inc. v. Dep't of Agriculture*, 92 F.3d 800, 806 (9th Cir. 1996).

Hoffman explained that probational certification was not in the best interest of the AFJROTC program because Plaintiffs had demonstrated their inability to comply with the ADPE suspense independently, and further oversight was an ineffective use of Air Force resources. The Court finds this explanation reasonable.

Thus, the Court finds the decertification decisions were backed by substantial evidence.

Plaintiffs' arguments to the contrary are unavailing. Plaintiffs argue the findings were unsupported for the following reasons: (1) Plaintiffs complied with the Air Force's April 30 ADPE suspense; (2) the record contradicts Woods' statement that Plaintiffs received phone calls from their Regional Director regarding the ADPE suspense; (3) there is no support for Hoffman's finding that other instructors were decertified for failing to meet the ADPE suspense; and (4) Plaintiffs never received the April 6 or April 17 emails reminding them to complete the ADPE suspense.

Because Plaintiffs were decertified for violating Holm Center's internal ADPE suspense, Plaintiffs' argument that they met the Air Force's April 30 ADPE suspense is irrelevant. Hoffman's decision on appeal provides no indication that she relied on Woods' finding that Plaintiffs received phone calls from their Regional Director. Although the record does not show any other instructors were decertified for missing the ADPE suspense, Hoffman's conclusion that the decertification was fair is nonetheless supported by other evidence in the record. Plaintiffs' assertion that they never received two of the emails regarding the ADPE suspense is unsupported by the record.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-03125-RGK-JPR | Date | June 04, 2018 |
|---|---|---|---|
| Title | *Edward A. Colley et al. v. Deborah Lee James et al.* | | |

 2. *Plaintiffs' Decertifications were not Arbitrary, Capricious, or Otherwise Contrary to Law*

   a. *Agency Authority to Decertify*

Plaintiffs assert several bases on which their decertifications were arbitrary, capricious, or otherwise contrary to law. None are persuasive.

Plaintiffs argue the Air Force lacks authority to decertify JROTC instructors because no statute expressly grants the Air Force the power to decertify. Plaintiffs correctly point out that "agencies . . . have no powers not expressly granted." *Carpenter v. Mineta*, 432 F.3d 1029, 1033 (9th Cir. 2005). But the Air Force Secretary has express statutory authority to establish JROTC programs at secondary schools, select and certify officers, noncommissioned officers, or retired officers as JROTC instructors, and establish minimum performance standards. 10 U.S.C. §§ 2031, 2033. The statute is silent on decertification, but the Air Force has reasonably interpreted it as providing the power both to certify and decertify AFJROTC instructors. It is well established that courts should defer to an agency's construction of the statute which it administers if "the statute is silent or ambiguous with respect to the specific issue" and "the agency's answer is based on a permissible construction of the statute." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43 (1984). Applying this principle here, the Court finds the Air Force has authority to decertify Plaintiffs, including for failing to comply with Holm Center instructions.

Plaintiffs argue Holm Center's April 10 suspense is unenforceable because it was communicated only via email, which is not a proper method of changing a published directive. In addition, Plaintiffs argue the Air Force was required under 5 U.S.C. §§ 552–53 and Air Force Instruction 33-320 to publish the April 10 ADPE suspense in the Federal Register. The Court disagrees on both counts. Holm Center's April 10 ADPE suspense is best characterized as an internal instruction provided to aid the Air Force in managing the AFJROTC program. It is not a change to a service-wide, published directive. It is not a rule or interpretation of general applicability needed to guide the public. *See Anderson v. Butz*, 550 F.2d 459, 463 (9th Cir. 1977). Thus the referenced statutes and regulations do not apply. Plaintiffs provide no authority that convinces the Court otherwise.

Plaintiffs argue they fully complied with the applicable AFJROTC Instruction because (1) they were not required to submit ITEC letters since there had been no change in equipment coordinator and (2) they submitted their IT inventories before April 30. Thus, Plaintiffs argue their decertification was improper. To the contrary, AFJROTC Instruction 36-2001 clearly requires instructors to submit ITEC letters each year regardless of whether any equipment coordinator changes occurred. In addition,

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-03125-RGK-JPR | Date | June 04, 2018 |
|---|---|---|---|
| Title | *Edward A. Colley et al. v. Deborah Lee James et al.* | | |

Plaintiffs were required to comply with Holm Center instructions in addition to AFJROTC instructions, including the internal April 10 ADPE suspense.

Plaintiffs argue that they could not be decertified before receiving a Form 98 performance evaluation. Paragraph 3.1.2, the provision under which Plaintiffs were decertified, makes no mention of Form 98 or any other evaluation as a prerequisite to decertification.

Plaintiffs argue that Hoffman was required to consider their exemplary instructor evaluations but failed to do so. Hoffman maintains that she fully reviewed the appellate record, which includes the instructor evaluations. Indeed, Hoffman's letter addressed Plaintiffs' argument that, because they had received outstanding instructor evaluations, it was in the Air Force's best interests to retain them. (CAR 125, 171.) The instructor evaluations do not contradict the finding that Plaintiffs missed the ADPE suspense two years in a row, or that retaining instructors who are unable to independently meet the ADPE suspense is against the Air Force's best interests. Even outstanding instructors can be an undesirable drain on resources if they fail to follow administrative requirements.

Plaintiffs argue that, if anything, they should have been placed on probational certification. Plaintiffs first rely on AFJROTC Instruction 36-2012, Table 2.1, Rule 1, which provides that if Holm Center determines an instructor's performance is unsatisfactory under paragraph 2.2.5.1.1.1, the instructor should be placed on probational certification and provided with a Form 98 evaluation. (CAR 334.) Plaintiffs were decertified under paragraph 3.1.2, not paragraph 2.2.5.1.1.1. Thus this rule is irrelevant. Plaintiffs also argue that the AFJROTC set a precedent of placing instructors on probational certification for missing an ADPE suspense. Plaintiffs rely on a case in which the Supreme Court overturned an order by the Interstate Commerce Commission because it expressed no reason for departing from the settled norms established by its prior decisions. *Atchison, T. & S. F. Ry. Co. v. Wichita Bd. of Trade*, 412 U.S. 800, 805–06. Essentially, the Commission failed to "explain the policies underlying its action." *Id.* at 807. Here, in contrast, Woods and Hoffman explained that they were following an established policy permitting decertification without first placing the instructor on probation. They also articulated their reason for doing so: Plaintiffs' repeated failure to meet the ADPE suspense despite receiving emails that instructed them on how to comply.

Plaintiffs also argue the proper penalty for late ADPE submissions is to freeze the unit's account. AFJROTC Instruction 36-2002, Paragraph 4.3.2 does provide that failure to submit the ADPE ITEC letter or IT inventory will prevent the unit from obtaining new equipment. (CAR 285.) Paragraph 4.3.2 does not imply an account freeze is the exclusive consequence. It does not preclude the Air Force from finding cause to decertify an instructor based on repeated failures to comply with Holm Center's instructions on the ADPE suspense.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-03125-RGK-JPR | Date | June 04, 2018 |
|---|---|---|---|
| Title | *Edward A. Colley et al. v. Deborah Lee James et al.* | | |

Plaintiffs argue their decertification was improper because they did not first receive notice and an opportunity to achieve compliance as required under 5 U.S.C. § 558. Except in cases of willfulness, the withdrawal of a license is lawful only if the licensee is first provided written notice and an opportunity to demonstrate or achieve compliance. 5 U.S.C. § 558. AFJROTC certification could be considered a license under the APA, as certification is required in order for a retired or noncommissioned officer to be employed as an instructor. *See Eno v. Jewell*, 798 F.3d 1245, 1250 (9th Cir. 2015) (explaining that the Ninth Circuit has found that an agency granted a license where "the absence of agency approval prevented the purported licensee from engaging in a specific activity"). Nevertheless, as explained above, Defendants withdrew Plaintiffs' certification based on a reasonable finding of willful misconduct. As such, § 558's notice requirement is inapplicable. *See Potato Sales Co., Inc.*, 92 F.3d at 806 (finding "neither prior notification nor an opportunity to demonstrate compliance was required" where the agency secretary properly concluded the plaintiff's violations were willful).

Plaintiffs argue due process compelled the Air Force to hold a formal adversary hearing prior to decertification, and that the hearing had to comply with 5 U.S.C. § 554. Plaintiffs rely on this Court's earlier finding that Plaintiffs' certification could not be removed without due process. However, this Court found that Plaintiffs received due process; a formal hearing was not required. (*See* Order Re: Pls.' Mot. for Leave to Amend at 5, ECF No. 75.)

Plaintiffs have not shown that their decertifications were arbitrary, capricious, or otherwise contrary to law. As such, the Court must uphold the Air Force's decertification decisions.

### A. Privacy Act

The Privacy Act, 5 U.S.C. § 552a, protects personal information in federal government's records. The Act specifies conditions for disclosure of and access to such information. 5 U.S.C. §§ 552a(b), (d)(1). It lays out a procedure for individuals to request amendment to their own records. *Id.* §§ 552a(d)(2)–(3). It further requires federal agencies to maintain accurate records "as is reasonably necessary to assure fairness" in "any determination about [an] individual." *Id.* § 552a(e)(5). The Act provides civil remedies for government violations, including those that "have an adverse effect on an individual." *Id.* § 552a(g); *See Rouse v. U.S. Dep't of State*, 567 F.3d 408, 413–414 (9th Cir. 2009) (providing an overview of Privacy Act claims).

This Court limited the scope of Plaintiffs' Privacy Act claim in previous orders to the following claims: (1) Woods' decertification letter inaccurately states that Plaintiffs received phone calls from the Regional Director regarding their ADPE noncompliance; (2) Hoffman's denial of Plaintiffs' appeal inaccurately states that other instructors who failed to meet ADPE suspenses were decertified; (3) Woods falsely found Plaintiffs failed to complete the "Air Force ADPE suspense"; and (4) Plaintiffs

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-03125-RGK-JPR | Date | June 04, 2018 |
|---|---|---|---|
| Title | *Edward A. Colley et al. v. Deborah Lee James et al.* | | |

asked Holm Center to correct its inaccurate records. (*See* Order Re: Pls.' Mot. for Leave to Amend, ECF No. 75 at 4–6; Order Re: Mot. to Dismiss, ECF No. 95 at 4–5.)

Plaintiffs' opening brief pertained only to the first claim. To prove this claim, Plaintiffs must show the Air Force "1) failed to fulfill its record keeping obligation, 2) which failure proximately caused the adverse determination, (3) that the agency failed intentionally or willfully to maintain the records, and 4) that the plaintiff suffered actual damages." *Rouse*, 567 F.3d at 417 (internal quotation marks and citation omitted). Woods' statement is inaccurate, but the Air Force records demonstrate that inaccuracy. The CAR contains an email in which the Regional Director explains that he was mistaken; he did not actually speak with Plaintiffs about the ADPE suspense. (CAR 495.) The Regional Director sent the email the day after Woods issued the decertification letter. Moreover, Hoffman's decertification appeal response makes no mention of these phone calls. Instead, she relies on several emails sent to Plaintiffs that informed them of the April 10 suspense and provided instructions for compliance. Thus, Plaintiffs have not established that the record was intentionally or willfully inaccurate, or that the alleged inaccuracy caused the final decertification decision.

Plaintiffs likewise failed to establish the elements of their remaining Privacy Act claims, as they did not discuss them in their opening brief.

### IV. **CONCLUSION**

For the foregoing reasons, the Court upholds Plaintiffs' decertifications and enters judgment in favor of Defendants.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____